(49 Misc. Rep. 110)

### HANCOX v. APPLETON et al.

(Supreme Court, Appellate Term.　December 21, 1905.)

EVIDENCE—PAROL AFFECTING WRITING.

> Where on a proposed contract of sale of land was indorsed an agreement to pay the broker procuring the sale a further commission "at time and place of passing title to above-described property," evidence is admissible to prove an oral agreement between the broker and vendor, imposing as a condition of the payment of the commission that the purchaser should take title.

> [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2041.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Joseph W. Hancox against Robert Appleton and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Brewster & Farries, for appellants.

William S. Bennett, for respondent.

BISCHOFF, J.　The complaint alleged the making of an agreement to pay the plaintiff $250 for services, and, crediting the defendant with $125, demanded judgment for the balance.　The answer set up the fact that the services were rendered as broker to effect the sale of defendant's property; that the promise to pay $250 was made upon the plaintiff's agreement to procure one Miller as the purchaser, who was to give his bond, secured by mortgage, for a part of the purchase money; and that the plaintiff did not perform this condition.　At the trial the plaintiff offered in evidence a writing, signed by one of the defendants and indorsed upon a form of proposed contract of sale, in which Miller was named as the purchaser as follows:

"I agree to pay J. W. Hancox a further commission of $125 at time and place of passing title to above-described property."

The defendants then endeavored to prove the oral agreement set up in their answer, imposing a condition that Miller should take title; but the evidence was excluded upon the ground that the writing contained the entire contract and could not be enlarged or altered by parol.　This ruling, in our view, was error which calls for a new trial.　The writing itself referred to the proposed contract of sale upon which it was written, and whether the promise to pay commissions "at time and place of passing title" depended upon a purchase by the person named as the proposed vendee is a matter which this writing, while suggesting, did not completely express.　Thus it was proper to show the circumstances surrounding the agreement in order to identify this condition, consistently with the writing, as one which was intended to attach to the words "passing title," in accordance with the agreement of the parties, and the actual understanding so far was provable by parol, for the writing was incomplete and by no means necessarily expressive of the whole agreement.　Browne on Parol Evidence, § 50, and cases cited.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.　All concur.